Detention Order Pending Trial

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20585

v.

DONTE SHATON GIBBS
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.   Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX   (1)   The Government moved for detention at Defendant's first appearance pursuant to:

XX   18 U.S.C. § 3142(f)(1).

__   18 U.S.C. § 3142(f)(2).

__   (2)   A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.   Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__   (1)   Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__   (2)   The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

  __    (3)    A period of less than five years has elapsed since

          __    the date of conviction, **or**

          __    Defendant's release from prison for the offense described in finding (B)(1).

  __    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**    **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

  XX    for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)[1], **or**

  __    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

  __    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

  __    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

  __    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

  XX    the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.**    **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

  __    (1)    There is a serious risk that Defendant will not appear.

  __    (2)    There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

___  by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

___  by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

XX   both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack cocaine. I find, from the grand jury having returned an indictment, that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant. The weight of evidence is further corroborated by the representation made by the Assistant United States Attorney that Defendant's fingerprints were found on a baggie involved in one of the alleged sales of crack cocaine charged in the indictment.

As to subsection 3142(g)(3), I find that Defendant is currently 29 years of age and has been a lifelong resident of Michigan. At the time of his arrest, Defendant was

residing at a motel. Between September and November 2009, Defendant resided with family members in Saginaw. Between June and August 2009, Defendant resided at an address on Bay Road in Saginaw. From June 2007 through May 2009, Defendant resided at an address on Bloomfield Boulevard in Saginaw. Prior to that, he was in state incarceration. Defendant has obtained a GED. Since June 2009, Defendant has been employed part time at a heating and cooling establishment in Saginaw. Defendant conceded to Pretrial Services that he uses marijuana and that his last use was shortly before his arrest. Preliminary urinalysis testing was positive for marijuana.

In 1995, while a juvenile, Defendant pled guilty to felony firearm, carrying a concealed weapon and second-degree murder. Defendant was a sentenced to 10 to 25 years' custody on the second-degree murder charge and 2 to 5 years' custody on the remaining charges. These penalties indicate that Defendant was treated as an adult offender by state authorities. Defendant was released on parole in June 2007, and in June 2009, Defendant was discharged from parole.

The Government notes that the charges against Defendant involve three distinct sales of crack cocaine over a 13-month period. The Government also notes that these sales took place while Defendant was on parole. Several circuits and numerous district courts have held that continued drug dealing constitutes a danger to the community. *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d

329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

As I weigh the matters presented on this record under the standards set forth in the Bail Reform Act, I conclude that although Defendant has an employment history which is to his credit, Defendant's pattern of conduct while on parole coupled with his prior criminal history and his lack of stable address fail to rebut the presumption in favor of detention.  I further conclude that even if the presumption had been rebutted, there are no conditions nor any combination of conditions which would reasonably assure either the safety of the community or Defendant's appearance.  Therefore, the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

    s/ *Charles E. Binder*
    CHARLES E. BINDER
Dated: December 21, 2009    United States Magistrate Judge

**CERTIFICATION**

    I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and George Bush, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: December 21, 2009        By    s/*Jean L. Broucek*
                                           Case Manager to Magistrate Judge Binder